## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**JAMIE SHAWN McCALL**
**ADC #610019**                                                                              **PLAINTIFF**

**V.**                          **CASE NO. 4:14-CV-365 KGB/BD**

**CORPORAL FLOWERS**                                                        **DEFENDANT**

## RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections:

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge Kristine G. Baker.  Any party may file written objections to this

Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

Your objections must be received in the office of the United States District Court

Clerk within fourteen (14) days of this Recommendation.  The Clerk of Court will furnish

a copy of your objections to the opposing parties.

If no objections are filed, Judge Baker can adopt this Recommendation without

independently reviewing the record.  By not objecting, you may also waive any right to

appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## II.  Introduction:

James Shawn McCall, an Arkansas Department of Correction inmate, filed this

lawsuit pro se under 42 U.S.C. § 1983.  (Docket entry #2)  Mr. McCall claims that

Defendant Flowers used excessive force against him following his return from a court

appearance on May 5, 2014.  Specifically, Mr. McCall alleges that when Defendant

Flowers removed his restraints, one of his handcuffs got caught on his thermal shirt.  Mr.

McCall explains that he attempted to use his other hand to remove the sleeve from the

handcuff.   At that point, Defendant Flowers allegedly tightened Mr McCall's belly chains

causing Mr. McCall to have difficulty breathing.  Defendant Flowers also allegedly

threatened to "slam" and "take care of" Mr. McCall while physically shaking him.  (#2 at

p.4)  Mr. McCall explains that he believes that this incident was the result of his having

filed a lawsuit against Defendant Flowers.

Defendant Flowers has now moved for summary judgment on Mr. McCall's

claims.  (#23)  Mr. McCall has responded to the motion.  (#27, #28)

For the reasons explained below, the Court will recommend that Defendant

Flowers's motion (#23) be granted and that Mr. McCall's claims against Defendant

Flowers be DISMISSED, with prejudice.

III.  **Discussion**:

A.    Standard

Summary judgment is granted to a party when the evidence, viewed in the light

most favorable to the nonmoving party, presents no genuine dispute as to any material

fact.  FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548

(1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).  A

moving party must first present evidence that there is no genuine dispute as to any

material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).

If the moving party meets this burden, the nonmoving party must come forward with

evidence showing that there is a genuine dispute that must be decided at a trial.

*Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  If the

nonmoving party does not submit enough proof to establish a necessary element of a

claim, the moving party is entitled to judgment on that claim.  *Celotex Corp.*, 447 U.S. at

322-23, 106 S.Ct. at 2552.

B.    Excessive Force

At the time of the underlying incident, Mr. McCall was a post-conviction detainee

temporarily held at the Faulkner County Detention Center.  (#25-1 at p.2)  For that reason,

the Court must analyze Mr. McCall's excessive force claim under the Eighth Amendment.

"To prove an Eighth Amendment violation, a prisoner must satisfy two

requirements, one objective and one subjective.  The first requirement tests whether,

viewed objectively, the deprivation of rights was sufficiently serious.  The second requirement is subjective and requires that the inmate prove that the prison officials had a sufficiently culpable state of mind." *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (internal citations and quotations omitted).  A prisoner must show that the defendant used force "maliciously and sadistically to cause harm," rather than in "a good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 6–7, 112 S.Ct. 995, (1992); *Irving*, 519 F.3d at 446.  The relevant factors that must be considered when making this determination are the objective need for the force; the relationship between the need and the amount of force used; the threat reasonably perceived by the defendant; any efforts by the defendant to temper the severity of their forceful response; and the extent of the inmate's injuries.  *Walker v. Bowersox*, 526 F.3d 1186, 1188 (8th Cir. 2008); *Johnson v. Blaukat*, 453 F.3d 1108, 1112 (8th Cir. 2008).

Here, Mr. McCall's complaint is that, after he tried to assist Defendant Flowers in removing his handcuffs, Defendant Flowers improperly tightened his belly restraint so that he could not breathe.  In addition, after Mr. McCall placed his hands behind his back in non-combative manner, Defendant Flowers continued to physically shake him and verbally threaten him.  These facts are not contested.  Defendant Flowers, however, argues that he is entitled to qualified immunity on Mr. McCall's claims against him.

"To defeat a claim of qualified immunity, a plaintiff alleging excessive use of force must present sufficient facts to show that the officer's conduct violated a

4

constitutional right, and he also must establish that the constitutional right was clearly established." *Chambers v. Pennycook*, 641 F.3d 898, 904 (8th Cir. 2011). The Court has discretion to determine which question should be addressed first. *Id*. Here, the Court will begin with whether Defendant Flowers violated a constitutional right.

Based on the undisputed facts, the Court cannot conclude that Mr. McCall has suffered a sufficiently serious deprivation of rights in order to establish an eighth amendment violation. First, Defendant Flowers did not use a significant amount of force in responding to Mr. McCall's actions. Although he temporarily tightened Mr. McCall's belly chains, Defendant Flowers removed all of Mr. McCall's restraints within minutes and placed him in a holding cell. (#27 at p.7)

Furthermore, Mr. McCall did not suffer any injury as a result of Defendant Flowers's conduct. According to the medical records for the date in question, Mr. McCall returned to the ADC without any trauma noted. (#25-1 at p.2) While a "de minimis" injury does not foreclose an excessive force claim under the Eighth Amendment, "[t]he extent of the injury may . . . provide some indiction of the amount of force applied." *Wilkins v. Gaddy*, 559 U.S. 34, 38, 130 S.Ct. 1175, 1178 (2010).

Here, the amount of force used appears to be *de minimis*. Because an inmate may not recover for a *de minimis* use of force, unless "repugnant to the conscience of mankind," Mr. Flowers cannot move forward on his excessive force claim. *Irving v. Dormire*, 519 F.3d 441 (8th Cir. 2008) (citing *Hudson v. McMCillian*, 503 U.S. 1, 8-9,

112 S.Ct. 995 (1992)).  See also *Rodriguez v. Farrell*, 280 F.3d 1341, 1351 (11th Cir.

2002) ("[p]ainful handcuffing, without more, is not excessive force in cases where the

resulting injuries are minimal"); and *Chambers v. Pennycook*, 641 F.3d 898, 907 (an

allegation of pain as a result of being handcuffed, without some evidence of more

permanent injury, is insufficient to support a claim of excessive force).

Finally, Mr. McCall's claims of verbal abuse do not rise to a constitutional level.

*Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000) (yelling, screaming, name-calling, and

other verbal abuse does not demonstrate a constitutional violation); and *Lomholt v.

Holder*, 287 F.3d 683, 684 (8th Cir. 2002).

C.      Retaliation

Mr. McCall has also alleged that Defendant Flowers's conduct was in retaliation.

To prove a retaliation claim, a prisoner must present evidence that he engaged in

constitutionally protected activity; defendants took adverse action against him that would

chill a person of ordinary firmness from engaging in that activity; and retaliation was the

actual motivating factor for the adverse action.  *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th

Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

In his complaint, Mr. McCall stated that the underlying incident *could have*

occurred because he previously filed a lawsuit against Defendant Flowers.  Specifically,

he stated, "I'm not sure if this incident had anything to do with that suit, but it is

possible."  (#2 at p.4)  Under settled law, mere speculation is insufficient to defeat a

summary judgment motion.  *Schmidt v. City of Bella Vista*, 557 F.3d 564, 573-74 (8th Cir. 2009).

In addition, Mr. McCall identified Defendant Flowers as a Defendant in *McCall v. Winter*, et al., E.D. Ark. Case No. 4:14-cv-00238 SWW/JTK.  Based on a review of the docket sheet for that lawsuit, Defendant Flowers was not served with a copy of Mr. McCall's complaint until May 31, 2014, after the alleged incident giving rise to this lawsuit.  (#15)

In his response to Defendant Flowers's motion for summary judgment, Mr. McCall argues that Defendant Flowers was aware of the lawsuit based on a grievance that he had submitted and because of a conversation he had with Defendant Flowers.  Mr. McCall, however, has not come forward with any evidence linking the belly-chain incident to a lawsuit.  Because Mr. McCall has not come forward with any evidence showing a genuine issue of material fact on his retaliation claim, Defendant Flowers is entitled to judgment as a matter of law on this claim.

## IV.  <u>Conclusion</u>:

The Court recommends that Defendant Flowers's motion for summary judgment (#23) be GRANTED and that Mr. McCall's claims against Defendant Flowers be DISMISSED, with prejudice.

DATED this 4th day of February, 2015.

_____

UNITED STATES MAGISTRATE JUDGE